UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 03-61784-Altonaga/Bandstra

FILED BY_____D.C

03 OCT 31 AM 11: 42

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

ENCORE MEDICAL, LP
VITALSTIM, LLC and ESD, LLC,

      Plaintiffs,

vs.

TERESA BIBER and
COMMUNICATION AND SWALLOWING
REHABILITATION SERVICES, INC.,

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Teresa Biber and Communication & Swallowing Rehabilitation Services, Inc. ("CSRS"), by and through their attorneys, hereby set forth this their Answer to the Complaint and state as follows:

### Jurisdiction

1. Defendants admit that the present action is an action for patent infringement, but deny the remaining allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint are admitted.

3. The allegations in Paragraph 3 of the Complaint are admitted.

### Parties

4. Defendants are without knowledge to admit or deny the allegations in Paragraph 4 of the Complaint; therefore, such allegations are denied.



5. Defendants are without knowledge to admit or deny the allegations in Paragraph 5 of the Complaint; therefore, such allegations are denied.

6. Defendants are without knowledge to admit or deny the allegations in Paragraph 6 of the Complaint; therefore, such allegations are denied.

7. Defendants are without knowledge to admit or deny the allegations in Paragraph 7 of the Complaint; therefore, such allegations are denied.

8. Defendants are without knowledge to admit or deny the allegations in Paragraph 8 of the Complaint; therefore, such allegations are denied.

9. The allegations in Paragraph 9 of the Complaint are admitted.

10. The allegations in Paragraph 10 of the Complaint are admitted.

### The Patents In Suit
### ("The VitalStim Patents")

11. All the allegations in Paragraph 11 of the Complaint are admitted except for the allegation that U.S. Patent No. 5,725,564 ("the '564 Patent") was "duly issued," which allegation Defendants are without knowledge to admit or deny; therefore, such allegation is denied.

12. All the allegations in Paragraph 12 of the Complaint are admitted except for the allegation that U.S. Patent No. 5,891,185 ("the '185 Patent") was "duly issued," which allegation Defendants are without knowledge to admit or deny; therefore, such allegation is denied.

13. All the allegations in Paragraph 13 of the Complaint are admitted except for the allegation that U.S. Patent No. 5,987,359 ("the '359 Patent") was "duly issued," which allegation Defendants are without knowledge to admit or deny; therefore, such allegation is denied.

14. All the allegations in Paragraph 14 of the Complaint are admitted except for the allegation that U.S. Patent No. 6,104,958 ("the '958 Patent") was "duly issued," which allegation Defendants are without knowledge to admit or deny; therefore, such allegation is denied.

15. All the allegations in Paragraph 15 of the Complaint are admitted except for the allegation that U.S. Patent No. 6,198,970 ("the '970 Patent") was "duly issued," which allegation Defendants are without knowledge to admit or deny; therefore, such allegation is denied.

## Background Facts

16. Defendants are without knowledge to admit or deny the allegations in Paragraph 16 of the Complaint; therefore, such allegations are denied.

17. Defendants are without knowledge to admit or deny the allegations in Paragraph 17 of the Complaint; therefore, such allegations are denied.

18. The allegations in Paragraph 18 of the Complaint are admitted.

19. Defendants are without knowledge to admit or deny the allegations in Paragraph 19 of the Complaint; therefore, such allegations are denied.

20. Defendants are without knowledge to admit or deny the allegations in Paragraph 20 of the Complaint; therefore, such allegations are denied.

21. Defendants are without knowledge to admit or deny the allegations in Paragraph 21 of the Complaint; therefore, such allegations are denied.

22. The allegations in Paragraph 22 of the Complaint are admitted.

23. Defendants are without knowledge to admit or deny the allegations in Paragraph 23 of the Complaint; therefore, such allegations are denied.

24. Defendants are without knowledge to admit or deny the allegations in Paragraph 24 of the Complaint; therefore, such allegations are denied.

25. Defendants are without knowledge to admit or deny the allegations in Paragraph 25 of the Complaint; therefore, such allegations are denied.

26. Defendants are without knowledge to admit or deny the allegations in Paragraph 26 of the Complaint; therefore, such allegations are denied.

27. The allegations in Paragraph 27 of the Complaint are denied.

28. The allegation that Defendant Biber began work as a speech pathologist in 1996 is admitted; however, the remaining allegations in Paragraph 28 of the Complaint are denied.

29. The allegations that Defendants began conducting seminars entitled "Neuromuscular Electrical Stimulation for Muscle Re-Education of the Swallowing Process" in 2002 and that such seminars are not sanctioned or approved by Plaintiffs are admitted; however, the remaining allegations in Paragraph 29 of the Complaint are denied.

30. The allegations in Paragraph 30 of the Complaint are denied.

31. The allegations in Paragraph 31 of the Complaint are denied.

32. Defendants admit that they provide devices known as the "BMR NeuroTech 2000" to participants of Defendants' seminars solely for use during such seminars; however, the remaining allegations in Paragraph 32 of the Complaint are denied.

33. Defendants are without knowledge to admit or deny the allegations in Paragraph 33 of the Complaint; therefore, such allegations are denied.

34. The allegations in Paragraph 34 of the Complaint are denied.

### Claims for Patent Infringement

35. The allegations in Paragraph 35 of the Complaint are denied.

36. The allegations in Paragraph 36 of the Complaint are denied.

37. Defendant Biber admits that she received notice of alleged infringement of the '359 Patent and the '958 Patent; however, Defendant Biber denies all allegations that she received notice of infringement of any of the other patents in suit. Defendant CSRS denies the allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint are denied.

39. The allegations in Paragraph 39 of the Complaint are denied.

40. The allegations in Paragraph 40 of the Complaint are denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Plaintiffs' claims, in whole or at least in part, fail to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

2. Plaintiffs do not have standing to bring claims of infringement of the '359 Patent and the '958 Patent because none of the Plaintiffs own or hold all substantial rights to the '359 Patent and the '958 Patent. As a result, this Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) over all Plaintiffs' claims that arise from Defendants' alleged infringement of the '359 Patent and/or the '958 Patent.

### Third Affirmative Defense

3. Plaintiffs VitalStim and Encore do not have standing to bring claims of infringement of any of the patents in suit because neither is the owner of all substantial rights to

any of the patents in suit. As a result, this Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) over claims asserted by VitalStim and Encore that arise from Defendants' alleged infringement of any of the patents in suit.

### Fourth Affirmative Defense

4.  The '564 Patent is invalid for failure to meet the conditions of patentability and requirements specified in 35 U.S.C. §§ 102, 103 and 112.

### Fifth Affirmative Defense

5.  The '564 Patent is unenforceable as a result of a breach of the duty of candor and good faith in dealing with the Patent Office by one or more of the inventors and/or other individuals associated with the filing and prosecution of the patent application that resulted in issuance of the '564 Patent.

### Sixth Affirmative Defense

6.  The '185 Patent is invalid for failure to meet the conditions of patentability and requirements specified in 35 U.S.C. §§ 102, 103 and 112.

### Seventh Affirmative Defense

7.  The '185 Patent is unenforceable as a result of a breach of the duty of candor and good faith in dealing with the Patent Office by one or more of the inventors and/or other individuals associated with the filing and prosecution of the patent application that resulted in issuance of the '185 Patent.

### Eighth Affirmative Defense

8.  The '359 Patent is invalid for failure to meet the conditions of patentability and requirements specified in 35 U.S.C. §§ 102, 103 and 112.

### Ninth Affirmative Defense

9.  The '359 Patent is unenforceable as a result of a breach of the duty of candor and good faith in dealing with the Patent Office by one or more of the inventors and/or other individuals associated with the filing and prosecution of the patent application that resulted in issuance of the '359 Patent.

### Tenth Affirmative Defense

10. The '958 Patent is invalid for failure to meet the conditions of patentability and requirements specified in 35 U.S.C. §§ 102, 103 and 112.

### Eleventh Affirmative Defense

11. The '958 Patent is unenforceable as a result of a breach of the duty of candor and good faith in dealing with the Patent Office by one or more of the inventors and/or other individuals associated with the filing and prosecution of the patent application that resulted in issuance of the '958 Patent.

### Twelfth Affirmative Defense

12. The '970 Patent is invalid for failure to meet the conditions of patentability and requirements specified in 35 U.S.C. §§ 102, 103 and 112.

### Thirteenth Affirmative Defense

13. The '970 Patent is unenforceable as a result of a breach of the duty of candor and good faith in dealing with the Patent Office by one or more of the inventors and/or other individuals associated with the filing and prosecution of the patent application that resulted in issuance of the '970 Patent.

### Fourteenth Affirmative Defense

14. Plaintiffs are not entitled to recover any damages for patent infringement of any of the patents in suit prior to the time that Plaintiffs complied with the provisions of 35 U.S.C. § 287 with respect to each Defendant and each particular one of the patents in suit.

### Fifteenth Affirmative Defense

15. Plaintiffs are barred by the doctrines of laches and estoppel from recovering any damages for Defendants' alleged infringement due to Plaintiffs' unreasonable delay in filing suit.

### Certificate of Service

I hereby certify that a true copy of the foregoing was furnished by facsimile and regular mail to Scott M. Sarason, Esq., Rumberger, Kirk & Caldwell, 80 SW 8th Street, Suite 3000 Miami, FL 33130 (Fax No. 305-371-7580), and F. Laurens Brock, Esq., Chamblis, Bahner & Stophel 1000 Tallen Building, Two Union Square Chattanooga, TN 37402 (Fax No. 423-265-9574) on October 29, 2003.

BRINKLEY, McNERNEY, MORGAN,
SOLOMON & TATUM, LLP
Attorneys for Defendants
200 East Las Olas Boulevard, Suite 1900
Fort Lauderdale, Florida 33301
Phone: 954-522-2200/Fax: 954-522-9123

By: _____
KEVIN P. CROSBY, ESQ.
Florida Bar No.: 654360
DANIEL C. CRILLY, ESQ.
Florida Bar No.: 166480

G:\WPFILES\clients\Biber teresa\Fort Lauderdale Div Case\Pleadings\Answer and Aff. Defenses.doc